# Bredin *versus* Road Commissioners of Cranberry Township.

1. At a treasurer's sale plaintiff bought certain lands which were sold for county and township taxes, among which were the road taxes for the latter. Plaintiff afterwards discovered that part of the lands purchased were not in the county, and that others were sold on double assessments. The county refunded her share of the taxes, but the township refused, when plaintiff brought an action therefor against the road commissioners of said township, and recovered a judgment before a justice of the peace. The defendants appealed to the Common Pleas, which entered a compulsory nonsuit, on the ground that there was no privity of contract between the plaintiff and the township. *Held*, that this was error.

2. By the terms of the Act of April 21st 1856, the rule *caveat emptor* does not apply to purchasers at treasurer's sales, where the lands sold are not in the county, or when sold upon a double assessment.

October 24th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1878, No. 105.

[Bredin *v.* Road Com'rs of Cranberry Township.]

This was an appeal in the court below by the Commissioners of Cranberry township, Venango county, from the judgment of a justice of the peace, obtained by James M. Bredin against said commissioners.

The facts are fully stated in the opinion of this court.

*James M. Bredin* and *J. D. Hancock*, for plaintiffs in error.— The road commissioners had authority to assess the tax for township purposes: Blanchard *v.* Tioga Improvement Co., 3 Gr. 216; and when collected for such township purposes, it belongs to the county, and not to the township: Potter County *v.* Oswayo Township, 11 Wright 162. The county receives none of these taxes, and it would be unjust to fix any liability upon her.

By the Act of 21st April 1856, sect. 1, Pamph. L. 477, the rule of *caveat emptor* prevails in all treasurers' sales "except in cases of double assessment, or where the taxes on which sale is made shall have been previously paid, or where the lands do not lie within the county."

All these tracts of land were sold as unseated land, were doubly assessed, or did not lie in the county of Venango. They came literally and in fact within the exception of said act.

*John McKissick*, for defendant in error.—There was no privity of contract between the parties to this action, and it must fall: Dicey on Parties to Actions 240. If plaintiff has any right of action it is against the commissioners or treasurer of the county, and not against the township: Potter County *v.* Oswayo Township, 11 Wright 164 : Schuylkill County *v.* Commonwealth, 12 Casey 535. The rule of *caveat emptor* applies to all judicial sales: Rorer on Judicial Sales 168; Bickley's Admr's *v.* Biddle, 9 Casey 276; Sackett *v.* Twining, 6 Harris 199; Fox *v.* Mensch, 3 W. & S. 444. Tax or money voluntarily paid cannot be recovered: Cooley on Taxation 556; Boroughs on Taxation 267, 443, 556; Hospital *v.* Philadelphia County, 12 Harris 229; Taylor *v.* Board of Health, 7 Casey 73; Wharton *v.* Birmingham, 1 Wright 371.

Mr. Justice GORDON delivered the opinion of the court, January 6th 1879.

James M. Bredin bought, at treasurer's sale, certain tracts of land, which had been assessed by the road commissioners of Cranberry township with certain road taxes, for which taxes, inter alia, the said lands were sold. Bredin paid the amount of his bids to the treasurer, and the part thereof due the township for road taxes was paid over to the commissioners. The plaintiff now alleges, that after these purchases, he discovered that certain of the tracts, so bought by him, did not lie in Venango county, and others had been doubly assessed, and he, therefore, got no title. On application to the

[Bredin *v.* Road Com'rs of Cranberry Township.]

county commissioners they gave him an order for the amount of the county tax, but refused to settle for the township tax. The plaintiff then brought suit, before a justice of the peace, against the township, and obtained judgment. An appeal was taken to the Common Pleas of Venango county, and when the case came on for trial, the judge directed a nonsuit, on the ground that there was no privity of contract between the plaintiff and the township. This was error. By the terms of the Act of 1856, the rule *caveat emptor* does not apply to purchasers at treasurers' sales, where the lands sold are not, in the county, or when sold upon a double assessment. It is obvious that, in such cases, the act intends the purchaser shall not lose his money. The county, however, cannot retain money paid into its treasury for the townships. The township taxes collected by the sale of lands, seated or unseated, are collected for the townships, and the county officers are but agents for that purpose. These officers collect the township taxes for the townships, just as they collect the county taxes for the county, and when the former are paid into the treasury, they are paid in for the townships, and not for the county.

It follows, that there can be no liability resting upon the county for moneys paid upon improper township assessments. If, however, Bredin's allegations are correct, the township of Cranberry has in its treasury money belonging to him; money obtained from him through assessments which its officers had no right to make, and if he cannot recover this money, then, in spite of the Act of 1856, the rule *caveat emptor* does apply to purchasers at treasurers' sales, to the extent, at least, of township taxes. As we cannot adopt such an interpretation of the act as this, we must hold the township liable to account to the plaintiff for any money belonging to him, of which it may have the possession, or for which it ought to account.

The judgment is reversed and a *procedendo* awarded.